UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIUS SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-1368 |
| OFFICER HOWARTER, OFFICER WILLIAMS, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Illinois River Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The alleged incident occurred on February 8, 2017, in Illinois River Correctional Center.  Another inmate, Deonte Richardson, allegedly lied to Defendants, telling Defendants that he (Deone Richardson) was Plaintiff.  Without confirming inmate Richardson's identity, Defendant Howarter opened Plaintiff's cell door, whereupon inmate Richardson rushed into Plaintiff's cell and destroyed Plaintiff's television with a homemade shank.  When Defendants realized what had happened, Defendants ran to restrain inmate Richardson.  Plaintiff alleges that he now has nightmares and difficulty sleeping.  According to the attachments to the Complaint, Plaintiff was provided with a replacement television.

Negligence—that an officer should have known of and protected against a risk—does not rise to a constitutional violation. Kingsley v. Hendrickson, 135 S.Ct. 2466, 2472 (2015)("'liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.'")(emphasis in original); McGowan v.

Hulick, 612 F.3d 636, 640 (7th Cir. 2010)("[N]egligence, even gross negligence, does not violate the Constitution."). To be liable under the Constitution, Defendants must have been deliberately indifferent to a known and substantial risk of harm to Plaintiff. Riccardo v. Rausch, 375 F.3d 521, 526 (7th Cir. 2014)(that a guard "*ought* to have recognized the risk" is not enough)(emphasis in original); Rosario v. Brawn, 670 F.3d 816, 822 (7th Cir. 2012)("We do not require perfection. . . . Rather, we require . . . something approaching a total unconcern . . . .")(quoted cite omitted).[2]

Plaintiff's present allegations allow an inference of negligence, not deliberate indifference. No inference arises that Defendants had any reason to doubt that inmate Richardson was who he said he was. Defendants did not confirm inmate Richardson's identity, which they arguably should have, but that alone does not allow an inference of deliberate indifference. Once Defendants realized what had happened, they ran to restrain inmate Richardson, which also allows no inference of deliberate indifference. The Illinois Court of Claims would have jurisdiction over a negligence claim, not a

---

[2] Plaintiff seeks $10,000.00 for help with his mental health. However, a prisoner cannot recover compensatory damages for emotional/mental harm unless he suffered a physical injury. 42 U.S.C. 1997e(e).

federal court.  Loman v. Freeman, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction.").

Before dismissing this action for failure to state a federal claim, the Court will give Plaintiff an opportunity to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint by October 9, 2017. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a federal claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff files an amended complaint, the amended complaint will completely replace the original complaint.

ENTERED: September 20, 2017

FOR THE COURT:

s/Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE